IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY WILSON | § | |
| v. | § | CIVIL ACTION NO. 6:07cv128 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Wilson, proceeding *pro se*, filed this application for the writ of habeas corpus purportedly under 28 U.S.C. §2241 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wilson says that he received a 20-year sentence on April 25, 1991, and that on January 14, 2000, he was released as a "free citizen," having served his entire sentence through calendar time and good time. He conceded that he was given a "release contract," which said that he was being released on mandatory supervision, but says that he refused to sign it; consequently, Wilson contended that the contract was "null and void." Despite this, his "mandatory supervision" was later revoked, and he is now back in custody.

After review of the petition, the Magistrate Judge issued a Report on March 30, 2007, recommending that it be dismissed. The Magistrate Judge noted that Wilson had previously raised the same claims before the Court in another habeas corpus action, styled Wilson v. Director, TDCJ-CID, civil action no. 6:05cv484. This petition was dismissed on May 10, 2006, and Wilson appealed; the district court denied a certificate of appealability, and on January 12, 2007, the Fifth

Circuit dismissed the appeal for want of prosecution because Wilson failed to file a motion for certificate of appealability and brief in support.

The Magistrate Judge observed that 28 U.S.C. §2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed.  In addition, the Magistrate Judge observed that Wilson had failed to secure leave from the Fifth Circuit to file a second or successive petition.  Consequently, the Magistrate Judge recommended that the petition be dismissed without prejudice, with leave to refile conditioned on Wilson's receiving permission from the Fifth Circuit Court of Appeals to file a second or successive petition.

Wilson filed objections to the Magistrate Judge's Report on May 3, 2007.  In his objections, he argues that the issue of the unsigned parole contract was not properly before the district court in his prior petition because it was raised for the first time in his objections.  Thus, Wilson says that this issue has never officially been ruled upon, and so may be presented for the first time in a Section 2241 petition.

Wilson's objections are incorrect for several reasons.  Although the order of dismissal in his prior case stated that the issue of the unsigned parole contract was raised for the first time in his objections, the Court went on to address the claim on its merits.  The Court stated as follows:

> Even were it properly before the Court, however, it is plain that this argument is without merit.  Wilson seeks to transform a release on mandatory supervision, during the term of a sentence, into an unconditional discharge from that sentence by the simple expedient of refusing to sign the mandatory supervision document.  This attempted end run around the straightforward provisions of Texas law is novel, but nonetheless unavailing.  Neither he nor the Board had the power to transform his release on mandatory supervision into an unconditional discharge of his duly imposed sentence.  Wilson's objections are without merit.

Hence, the Court did rule on this claim, giving Wilson the opportunity to challenge it on appeal. However, he declined to do so.

In addition, the Magistrate Judge concluded that Wilson's petition was second or successive and that he should obtain leave from the Fifth Circuit before he could refile it.  The Fifth Circuit has held that a later petition is successive when it raises a claim challenging a petitioner's

conviction or sentence that was *or could have been* raised in an earlier petition, or otherwise constitutes an abuse of the writ.  <u>Crone v. Cockrell</u>, 324 F.3d 833, 837 (5th Cir. 2003) (emphasis added).  This is based upon the "strong policy against piecemealing claims." <u>Crone</u>, 324 F.3d at 837.

In this case, Wilson's claim regarding the fact that the mandatory supervision contract was not signed was or could have been raised in his prior petition, and thus is successive.  Wilson's argument that this claim has never been adjudicated by the Court is simply an attempt to piecemeal his claims by presenting them in successive petitions.  The Magistrate Judge did not err in determining that Wilson's petition should be dismissed until such time as he obtains leave from the Fifth Circuit to file a second or successive petition.  Wilson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice; Wilson may refile his petition at such time that he shows that he has obtained leave from the Fifth Circuit Court of Appeals to pursue a second or successive petition for habeas corpus relief.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 31st day of May, 2007.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**